IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RALPH WILLIAM BARDELL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 23-148-WCB |
| | § | |
| BANYAN DELAWARE, LLC and | § | |
| BANYAN TREATMENT CENTER, LLC | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ralph William Bardell brought this action against his former employers, Banyan Delaware, LLC and Banyan Treatment Center, LLC (collectively, "Banyan"), alleging two counts of violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. The first count alleged that the defendants subjected Mr. Bardell to disparate treatment based on his disability, addiction. The second count alleged that the defendants violated a duty of confidentiality with respect to Mr. Bardell's addiction disability when employees of the defendants told other employees of the defendants that Mr. Bardell had relapsed.

The defendants filed a motion to dismiss the original complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 17. Following briefing, the court granted that motion in part and denied it in part. The court denied the motion to dismiss the first count of the original complaint, but granted the motion to dismiss the second count. Dkt. No. 21.

Mr. Bardell subsequently filed an amended complaint in which he added two new claims and a new defendant, Josh Gamaitoni. In the first of the two claims, Mr. Bardell alleged that all three defendants were liable for defamation based on statements made by Mr. Gamaitoni and other

1

Banyan employees that Mr. Bardell "had relapsed, was fired, and had gone crazy." Dkt. No. 28 at 9.  In the second of the two new claims, Mr. Bardell alleged that Mr. Gamaitoni had committed a variety of tortious acts, including aiding and abetting the two corporate defendants in the conduct that he alleged constituted disparate treatment because of his disability; breaching his duty of care with respect to confidential medical information in Mr. Bardell's personnel file at Banyan; and "spreading mistruths about Bardell's disability up the chain of command at Banyan." Dkt. No. 28, at 12–14.

The corporate defendants have now moved to dismiss Count II of Mr. Bardell's amended complaint.  Dkt. No. 33.  Mr. Gamaitoni has moved to dismiss both claims against him, Claims II and III.  Dkt. No. 35.  Mr. Bardell has opposed both motions, Dkt. Nos. 39, 41, and the defendants have filed replies, Dkt. Nos. 42, 43.  For the reasons set forth below, the defendants' motions are GRANTED IN PART and DENIED IN PART.

### I. The Governing Legal Standard

The standard for addressing motions to dismiss under Rules 12(b)(6) or 12(c) of the Federal Rules of Civil Procedure is set forth in the Supreme Court's now familiar decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  In *Iqbal*, the Court stated the test for a pleading sufficient to satisfy Rule 8 of the Federal Rules of Civil Procedure and to withstand a motion to dismiss as follows:  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The Court added that a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The "plausibility" standard, the Court explained, "is not akin to a 'probability requirement,' but it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In this regard, the Supreme Court emphasized that a court addressing a motion to dismiss "must take all of the factual allegations in the complaint as true," but that that principle is inapplicable to legal conclusions. *Id.* The Court summed up by stating, "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

## II. Count II—Defamation

The background for Mr. Bardell's claim of defamation against Banyan and Mr. Gamaitoni is set forth in detail in the court's order addressing the motion to dismiss Mr. Bardell's original complaint, Dkt. No. 21, and will not be repeated here. Briefly, Mr. Bardell alleges that on the morning of the incident that led to Mr. Bardell's firing, Caitlin Amodei, a Banyan employee, told Mr. Bardell that "rumors were circulating that [he] had been fired, had relapsed, and had gone crazy." Dkt. No. 28 at 6. Mr. Bardell further alleges that during that period other Banyan employees, including at least Mr. Gamaitoni, Tina Moyer, and Darren Collins, "began telling other employees of Banyan and/or Banyan Delaware that Bardell had relapsed, was fired, and had gone crazy." *Id.* at 9; *see also id.* at 6. Those statements, Mr. Bardell alleges, were false and resulted in various forms of injury to him. *Id.* at 11.

Banyan and Mr. Gamaitoni have moved to dismiss the defamation claim against them on the grounds that (1) the complaint "does not allege any specific defamatory statement attributable to any specific Banyan employee"; (2) the complaint does not identify to whom the statements were made; (3) the allegedly defamatory statements were merely rumors; and (4) Mr. Bardell has

3

"not actually pleaded that a third party received and understood the communication." Dkt. No. 33 at 4–5; *see also* Dkt. No. 35 at 1.

In fact, however, the complaint expressly alleges a specific statement, at least parts of which—the statements that Mr. Bardell had relapsed and "gone crazy"—are at least plausibly defamatory. For that reason, the defendants' reliance on Delaware cases requiring that the plaintiff in a defamation case must identify the exact comments made by the defendant, *see* Dkt. No. 42, at 4; Dkt. No. 43, at 3–4, are unavailing. The complaint also expressly alleges that the statement in question was made by three named Banyan employees, including Mr. Gamaitoni. Those allegations are plainly factual in nature, and under *Iqbal* and *Twombly*, those factual allegations must be taken as true. To be sure, the complaint does not state how Mr. Bardell knows that those three employees were the source of the defamatory statement, but that is an evidentiary matter; it cannot serve as the basis for dismissal at the pleading stage as long as defamation is plausibly pleaded, which it is.[1]

---

[1] Certain of Mr. Bardell's characterizations of the allegations in the amended complaint are inaccurate. Mr. Bardell asserts in his oppositions to the motions to dismiss that the amended complaint alleges that "Gamaitoni told the Banyan Delaware staff that Bardell had relapsed." Dkt. No. 39, at 4 (citing amended complaint at ¶ 24); Dkt. No. 41, at 5 (citing amended complaint at ¶ 24). That statement does not appear in the cited paragraph or elsewhere in the amended complaint. Similarly, Mr. Bardell asserts in his oppositions to the motions to dismiss that the complaint alleges that "the defamatory statements originated with Gamaitoni, and were republished by at least Tina Moyer and Darren Collins," Dkt. No. 39, at 4 (citing amended complaint at ¶¶ 21, 37, and 56); Dkt. No. 41, at 5 (citing amended complaint at ¶¶ 21, 37, and 56). That language does not appear in the amended complaint. The closest the amended complaint comes to asserting the substance of that allegation is in paragraph 56, which reads "Although Gamaitoni himself was not the individual who terminated Bardell's employment, his tortious actions were instrumental in proliferating mistruths about Bardell's disability up the chain of command at Banyan (including employees such as Tina Moyer who were not in any position of authority over Bardell), that directly led to Bardell's improper termination." Those inaccuracies, however, do not affect the disposition of the present motions. The court has based its rulings on the allegations in the complaint, not on the inaccurate characterizations of those allegations in Mr. Bardell's oppositions.

Moreover, the complaint identifies at least one person, Ms. Amodei, who was aware of the defamatory statements. That allegation supports the inference that the statements were made to her, either directly or indirectly. And the meaning of the statements is plain on their face. Thus, contrary to Banyan's argument, the complaint adequately pleads that a third party received and understood the communication.

Citing *Soto-Lebron v. Federal Express Corp.*, 538 F.3d 45, 57 (1st Cir. 2008), Banyan argues that the proofs in a defamation case must "rise to more than informal rumors circulating among employees." While that principle is true, it is inapplicable here. Rumors cannot themselves serve as defamatory statements, but in this case the alleged defamatory statements themselves were not rumors, but were statements of fact. And according to the allegations in the complaint, those statements were attributable to Mr. Gamaitoni and at least two other named Banyan employees. Those statements may have been spread by rumors, but the original statements, according to the complaint, came from Mr. Gamaitoni among others.

For those reasons, the defamation allegations against Banyan and Mr. Gamaitoni will not be dismissed. The defamation claims may not survive summary judgment, or they may fail on the merits at trial, but they have been adequately pleaded for purposes of the dismissal motion at the pleading stage of the case.

### III. Count III—Aiding and Abetting by Mr. Gamaitoni

In Count III, the amended complaint asserts that Mr. Gamaitoni is liable for aiding and abetting Banyan in several respects: (1) aiding and abetting Banyan's actions leading to his termination because of his disability; (2) failing to exercise care with regard to protecting personal information in Mr. Bardell's personnel file regarding his past struggles with addiction; and (3)

recklessly disregarding Mr. Bardell's right "to have a reputation free from defamation." Dkt. No. 28 at 12–13.

In his response to the motion to dismiss, Mr. Bardell concedes that the ADA does not create liability for individuals. Dkt. No. 39 at 3. *See Emerson v. Thiel College*, 296 F.3d 184, 189 (3d Cir. 2002) ("individuals are not liable under Titles I and II of the ADA, which prohibit discrimination by employers and public entities respectively"); *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000) (ADA "addresses its rules to employers, places of public accommodation, and other organizations, not to the employees or managers of those organizations."); *Sullivan v. River Valley School Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999) ("Individual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases."); *Butler v. Prairie Vill.*, 172 F.3d 736, 744 (10th Cir. 1999) ("[T]he ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition."); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) ("no individual responsibility" under the ADA); *Samuel v. Rizzo*, No. 20-337, 2020 WL 7490110, at *2 n.1 (D. Del. Dec. 21, 2020) (same).

Although Mr. Bardell's amended complaint contains a single reference to a Delaware state statute protecting against disability-based discrimination, 19 Del. C. § 724, he does not argue in his brief that a different rule applies to the Delaware statute. Moreover, any claim by Mr. Bardell under the Delaware statute would be vulnerable for another reason. The Delaware Discrimination in Employment Act, which contains section 724, requires prospective plaintiffs to exhaust their administrative remedies by filing a charge of discrimination with the Delaware Department of Labor within 300 days of the alleged unlawful employment practice before filing suit. 19 Del. C. § 714(a). The amended complaint does not allege that Mr. Bardell exhausted that administrative

remedy, so he cannot proceed with his discrimination claim under state law. Mr. Bardell's allegation against Mr. Gamaitoni of aiding and abetting disability discrimination will therefore be dismissed.

Mr. Bardell's allegation regarding Mr. Gamaitoni's failure to observe the confidentiality of the information in Mr. Bardell's personnel file also lacks sufficient support to survive the motion to dismiss. Mr. Bardell does not specifically allege that Mr. Gamaitoni disclosed confidential information found in Mr. Bardell's personnel file, or that the alleged defamatory statements were based on information from that file. Instead, the complaint only implies that the defamatory information came from Mr. Bardell's personnel file.

In paragraph 48 of the complaint, Mr. Bardell alleges that Mr. Gamaitoni "owed Bardell a duty of care with his confidential medical information contained in Bardell's personnel file regarding his past struggles with addiction" and that "in spreading rumors among Banyan employees that Bardell had relapsed and gone crazy, Gamaitoni breached this duty of care as he should have known that personnel files are not public information." Dkt No. 28 at 12–13. Paragraph 48 ends with the allegation that "Gamaitoni was at least negligent with the information he knew about Bardell's past, injuring Bardell's person and professional reputation." *Id.* at 13. Besides not expressly alleging that Mr. Gamaitoni had revealed information from Mr. Bardell's personnel file, Mr. Bardell has not pointed to any statutory, regulatory, common law, or contractual duty imposed on Mr. Gamaitoni to refrain from revealing information in Mr. Bardell's personnel file. The allegations regarding Mr. Bardell's personnel file are therefore both insufficiently specific and insufficiently grounded in an asserted legal right to survive a motion to dismiss.

Finally, the allegation that Mr. Gamaitoni disregarded Mr. Bardell's right to have a reputation free from defamation and that Mr. Gamaitoni "acted in concert with the Banyan

7

organization leadership," with respect to the alleged defamatory statements. Dkt. No. 28 at 13. But that allegation adds nothing to the substance of the defamation charge set forth in Count II of the amended complaint against Banyan and Mr. Gamaitoni. As such, that portion of Claim III is entirely redundant and will be dismissed on that ground. *See Capogrosso v. Supreme Court of the State of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009); *Amboy Bancorporation v. Bank Advisory Grp., Inc.*, 432 F. App'x 102, 111 (3d Cir. 2007).

To the extent that the defamation allegations in Count III are understood to be directed to Mr. Gamaitoni's acts of aiding and abetting Banyan in defaming Mr. Bardell, the allegation also fails on the ground that under Delaware law, "officers and agents cannot aid and abet their principal or each other in the commission of a tort." *Cornell Glasgow, LLC v. LaGrange Properties, LLC*, 2012 WL 2106945, at *11 (Del. Super. Ct. June 6, 2012). As an officer or employee of Banyan, Mr. Gamaitoni therefore cannot be held liable for aiding and abetting his corporate employer in the commission of defamation.

Mr. Bardell contends that this case falls within an exception to that rule for cases in which the officer or employee of a corporation "steps out of her role as an officer or agent and acts pursuant to personal motives." Dkt. No. 39, at 6 (citing *Amaysing Techs. Corp. v. CyberAir Commc'ns*, No. Civ. A. 19890, 2005 WL 578972, at *7 (Del. Ch. Mar. 3, 2005), and *Anschutz Corp. v. Brown Robin Capital, LLC*, 2020 WL 3096744, at *17 (Del. Ch. June 11, 2020)). But Mr. Bardell did not plead that Mr. Gamaitoni was acting out of personal motives, or other than in his capacity as an agent of Banyan with regard to the conduct that forms the basis for Mr. Bardell's complaint. For that reason as well, Mr. Bardell's aiding and abetting theory cannot stand as a ground for liability separate from the more straightforward claim of defamation pleaded in Count II of the amended complaint.

### IV. Conclusion

In summary, the motion to dismiss Count III of Bardell's complaint is granted, but the motion to dismiss Count II is denied.

IT IS SO ORDERED.

SIGNED this 22nd day of February, 2024.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE