IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RALPH WILLIAM BARDELL,<br><br>   *Plaintiff*,<br><br>v.<br><br>BANYAN DELAWARE, LLC,<br>BANYAN TREATMENT CENTER,<br>LLC, and JOSH GAMAITONI<br><br>   *Defendants*. | Civil Action No. 1:23-cv-00148-WCB |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ralph William Bardell filed a motion to compel seeking an order from the court requiring that the defendants provide Mr. Bardell with a copy of his deposition transcript. Dkt. No. 66. The defendants relied upon portions of that transcript in the opening brief in support of their motion for summary judgment. *See* Dkt. No. 59. Mr. Bardell states that he could not afford to purchase a copy of the transcript of his deposition after it took place on May 7 and 8, 2024, but argues that he now requires a copy to ensure that the portions of his deposition that the defendants relied upon were not taken out of context. He argues that the defendants are required to provide him with the transcript under Federal Rule of Evidence 106.

The defendants filed an opposition to Mr. Bardell's motion to compel. Dkt. No. 68. They argue that Mr. Bardell's motion should be denied on several grounds. First, procedurally, the defendants argue that Mr. Bardell failed to adhere to the conditions of the scheduling order in this case, Dkt. No. 24, which requires the parties to request a letter briefing schedule from the court to address discovery-related disputes. Second, the defendants argue that courts in the Third Circuit consistently require that litigants, including pro-se litigants, bear their own litigation expenses.

1

Third, the defendants argue that Mr. Bardell has not provided any evidence or argument that Rule 106 is relevant to this dispute. To require the defendants to provide the transcript, they argue, would be prejudicial to the defendants at this stage in the proceedings and unfair to the transcriber, who makes a livelihood out of selling transcriptions.

All parties, including indigent litigants, are responsible for their own costs of litigation. *See Tabron v. Grace*, 6 F.3d 147, 159–60 (3d Cir. 1993). Indigent parties are not entitled to free transcripts; finding otherwise would deprive the courter reporter of the right to be paid for the work or force the opposing party to cover the cost of procuring the transcript. *See Forrest v. Wetzel*, No. 3:17-CV-1777, 2021 WL 1614810, at *4 (M.D. Pa. Apr. 23, 2021) (indigent litigant was not entitled to a free copy of a deposition); *Rivera v. DiSabato*, 962 F. Supp. 38, 40–41 (D.N.J. 1997) ("plaintiff's obligations, even as an indigent litigant, to finance his own litigation expenses cannot be arbitrarily thrust upon defendants.").

However, this rule does not relieve the defendants of their discovery obligations. Pursuant to this court's authority over discovery, the defendants will be required to provide Mr. Bardell with a copy of the portions of Mr. Bardell's transcript that they intend to use at trial, either as affirmative evidence or potentially for impeachment. Regarding the defendants' procedural argument, although Mr. Bardell followed an incorrect procedure for the second time in filing an untimely motion to compel rather than requesting letter briefing, the defendants have not been prejudiced by the departure from the prescribed procedure. The defendants did not explain how they would be prejudiced, and limiting the production of the transcript to only the portions that they intend to use at trial cures any potential prejudice. The defendants would have been required to provide the former prior to trial regardless. *See* Fed. R. Civ. Pro. 26(a)(3)(ii); Dkt. No. 55 (Supplemental Scheduling Order). Requiring the defendants to additionally provide portions of the transcript they

plan to use for impeachment is an appropriate extension of the rule to these circumstances to improve the efficiency of the trial and does not impose an unreasonable burden on the defendants.

The defendants are not, however, required to provide Mr. Bardell with the full transcript of his deposition. Under Rule 106, "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time." Rule 106 is a rule of completeness, not a discovery rule, and conveys no pretrial right of access to procedures.[1] Rule 106 may apply if a second portion of a writing is required to "(1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding." *See United States v. Soures*, 736 F.2d 87, 91 (3d Cir. 1984). Mr. Bardell argues that quotations from the deposition transcript may be out of context, but he has not pointed to any particular quotation that he believes was taken out of context nor has he provided a justification for producing the entire transcript just to ensure that there has not been an out of context excerpt that could be objected to on Rule 106 grounds. Accordingly, ordering production of the whole transcript is not warranted. *See Rodriquez v. Se. Pennsylvania Transp. Auth.*, No. 20-CV-3262, 2022 WL 17371059, at *1 n.2 (E.D. Pa. July 19, 2022).

The motion to compel is GRANTED in part. The defendants are required to provide Mr. Bardell with the portions of Mr. Bardell's transcript that they intend to use at trial by July 5, 2024.

---

[1] If an issue of alleged lack of completeness arises at trial, it can be addressed at that time. Depending on the nature of the claim, it may be necessary for the defendants to produce material needed for completeness at that point, but that determination cannot be made now. Because Mr. Bardell was the party who was deposed, he is in a position to make a claim of incompleteness without needing access to the transcript if the occasion for such a claim arises.

IT IS SO ORDERED.

Signed this 2nd day of July, 2024.

                                                      HON. WILLIAM C. BYRSON
                                                     UNITED STATES CIRCUIT JUDGE